HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| PATRICIA BLACKBURN, et al.<br><br>              Plaintiffs,<br><br>   v.<br><br>STATE OF WASHINGTON DEPARTMENT OF SOCIAL AND HEALTH SERVICES, et al.<br><br>              Defendants. | CASE NO. C11-5385 RBL<br><br>ORDER DENYING MOTION FOR RELIEF FROM JUDGMENT<br><br>[DKT. # 162] |

      THIS MATTER is before the Court on Plaintiffs' motion for relief from judgment and motion for an indicative ruling [Dkt. #162]. The Plaintiffs are a group of nurses and psychiatric security attendants at Western State Hospital. They sued the Defendants for allegedly adopting a discriminatory race-based staffing directed. On September 27, 2013, the Court granted summary judgment to the Defendants.

      Plaintiffs appealed the Court's summary judgment order, but they also simultaneously filed a state-court action to challenge the same conduct on state-law grounds. During that litigation, they deposed the Hospital's CEO and a nursing administrator. Both refused to disavow using a similar staffing directive in the future if necessary to keep staff safe. Plaintiffs

now claim that those depositions are newly-discovered evidence that the Defendants have an unwritten policy that permits race-based staffing assignments. They seek to vacate this Court's judgment under Fed. R. Civ. P. 60(b)(2), but because this matter is currently on appeal, this Court does not have jurisdiction. Accordingly, Plaintiffs seek an indicative ruling as to whether this Court would grant their motion, if jurisdiction was proper.

Rule 60 allows a court to relieve a party from a judgment in exceptional circumstances. A movant who seeks relief under Rule 60(b)(2) must show that the newly-discovered evidence existed at the time of trial and is of such magnitude that it would have likely changed the outcome of the case if it had been presented. *Jones v. Aero/Chem Corp.*, 921 F.2d 875, 878 (9th Cir. 1990). The movant must also show that the new evidence could not have been discovered before trial through due diligence. *Id.*

Plaintiffs have failed to meet their burden in every regard. The "new evidence" could have been discovered before the Court's summary judgment order and is cumulative and inconsequential. Even if presented, the deposition testimony would not have changed the outcome of the case. Plaintiffs' motion for relief from judgment [Dkt. #162] is **DENIED**.

Dated this 26th day of July, 2014.

_____
RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE